UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECILIA M. FRASER,

    Plaintiff,

v.                                         CASE NO. 8:16-cv-3226-T-23AEP

PERKINS & MARIE
CALLENDER'S LLC,

    Defendant.
_____/

## ORDER

Cecilia Fraser sues (Doc. 1) her former employer, Perkins & Marie Callender's, under Title VII of the Civil Rights Act of 1964 for sexual harassment and under Florida law for sexual harassment and for intentional infliction of emotional distress. The parties agree that a written contract requires an arbitrator to decide the claims but disagree about the disposition of this action. The defendant moves (Doc. 8) to dismiss the action because "all of the Plaintiff's claims are arbitrable," but the plaintiff requests (Doc. 10) a stay pending arbitration.

## DISCUSSION

If a valid and written agreement requires the arbitration of the plaintiff's claims and if a party moves to stay the action pending arbitration, the Federal

Arbitration Act mandates that an order "shall . . . stay . . . the action" until the announcement of an arbitral decision.  9 U.S.C. § 3.

Fraser agreed in her written employment application to arbitrate a claim "based on Title VII of the Civil Rights Act of 1964 " and based on "any other state or federal laws, regulations, or common law theories."  (Doc. 8 at 10, which states that both parties agree to arbitrate a dispute)  The Federal Arbitration Act permits the arbitration of the plaintiff's claims, including the claim for employment discrimination under Title VII of the Civil Rights Act of 1964.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).  And no provision in the Federal Arbitration Act bars the enforcement of an arbitration clause in an employment application.  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

Consideration (the mutual promises to arbitrate) supports the agreement.  *Kinko's, Inc. v. Payne*, 901 So. 2d 354, 355 (Fla. 2d DCA 2005) (Whatley, J.) ("[T]he agreement of a party to submit to arbitration is sufficient consideration to support the other party's agreement to do the same.").  Valid under Florida law, the arbitration agreement warrants enforcing.  *See Paladino v. Avnet Comput. Tech., Inc.*, 134 F.3d 1054, 1061 (11th Cir. 1998) (Cox, J., concurring) (applying state-law contract principles to determine the validity of an arbitration agreement).

The mandate in Section 3 that an order "shall" stay this action pending arbitration requires the entry of a stay.* *Lloyd v. HOVENSEA, LLC*, 369 F.3d 263, 268–71 (3d Cir. 2004) (Stapleton, J.). *But see, e.g.*, *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (Boochever, J.) (affirming the dismissal of an action in which an agreement required the arbitration of all the plaintiff's claims).

## CONCLUSION

The defendant's motion (Doc. 8) to compel arbitration and to dismiss the action is **GRANTED-IN-PART** and **DENIED-IN-PART**. The parties must arbitrate the plaintiff's claims, but Section 3 of the Federal Arbitration Act precludes dismissal. The plaintiff's motion (Doc. 10) to stay the action pending arbitration is **GRANTED**, and the action is **STAYED**.

The clerk is directed to administratively close the case. No later than ten days after the arbitrator announces a decision, the plaintiff must move either to re-open the case and to lift the stay or to dismiss the action.

ORDERED in Tampa, Florida, on December 30, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* *See Shall*, *Black's Law Dictionary* at 1407 (8th ed. 2004) (explaining that, despite the word's several meanings, legislative drafters typically choose "shall" to impose a duty).